RECEIVED

OCT 3 0 1997

CHAMBERS OF
JUDGE LAMBERTH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES & EXCHANGE COMMISSION,    :

                   Plaintiff,    :

             v.    :

ERNST HIESTAND, THOMAS HIESTAND,    :
ELIZABETH KURIGER, AND
HENRY STRUBIN,    :

             Defendants.    :

Civil Action No.
94-2633 (RCL)

FILED

OCT 30 1997

Clerk, U.S. District Court
District of Columbia

## FINAL JUDGMENT GRANTING PERMANENT INJUNCTIONS AND ORDERING DISGORGEMENT AS TO ERNST HIESTAND, THOMAS HIESTAND, ELIZABETH KURIGER, AND HENRY STRUBIN

WHEREAS,

1.    On December 8, 1994, Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint for Permanent Injunctive and Other Statutory and Equitable Relief against Defendants Ernst Hiestand, Thomas Hiestand, Elizabeth Kuriger, and Henry Strubin.

2.    All Defendants were personally served with the Complaint and Summons in this action during December 1994 and January 1995 as detailed in the Commission's Affidavit in Support of Default and Judgments filed on March 3, 1995. This Court entered defaults against the Defendants on March 7, 1995.



3.    All remaining Defendants submitted to my chambers Answers dated March 20, 1995 which were not filed with the Clerk of Court in violation of Local Rule 106(b).

4.    By Order entered on July 7, 1995, I vacated the defaults and directed the Clerk of this Court to file the Defendants' Answers and directed that all further pleadings and documents be filed with the Clerk with a certificate of service on opposing counsel and that any paper which was not filed with the Clerk would be disregarded by the Court.

5.    By Order entered on August 11, 1995, The Court repeated its admonishment that any paper received from a party which had not been filed with the Clerk of this Court or which failed to include a certificate of service would be disregarded by the Court.

6.    On September 18 and 20, 1995, none of the Defendants appeared at their depositions on oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure after all being properly noticed by International Certified Mail.

7.    Defendant Ernst Hiestand has refused to travel anywhere to give oral testimony.  The other Defendants have failed to respond to the notices of depositions.

8.    On October 30, 1995 all Defendants were served by International Registered Mail with Interrogatories, Requests for Production of Documents and Things, and Requests for Admissions pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure.  None of the Defendants responded to the discovery

requests.  Defendant Thomas Hiestand alone denied any knowledge or participation in the business activities of the subject corporation by a one-page letter, which denial is directly contradicted by the documents for which Admissions were sought.

9.    The Plaintiff Securities and Exchange Commission has moved for Summary Judgment against all remaining Defendants on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure based on the facts established in the Request for Admissions or, in the alternative for the entry of Default Judgments against all the Defendants on all claims and an Order that the facts set forth in Plaintiff's Request for Admissions are established and can not be opposed pursuant to Rule 37 of the Federal Rules of Civil Procedure, and for its reasonable expenses in this matter.

10.    Defendants have filed no papers in response to Plaintiff's motion, have not responded to Plaintiff's discovery requests, and have only submitted letters to my chambers which have not been filed with the Clerk of the Court as directed by this Court's Orders of July 7 and August 11, 1995.

11. Defendants have filed nothing in response to my order of July 31, 1997.

THEREFORE, It appearing that no material facts are in dispute and that Plaintiff is entitled to Judgment based on the facts established and the law, and that Defendants are in default in responding to Plaintiff's discovery requests and this courts 7-31-97 order and that the facts and documents specified in Plaintiff's Request for

Admissions are conclusively established, and for good cause shown:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that all the facts and admissions set forth in Plaintiff's Request for Admission, which are made a part of this Order, are established and can not be opposed by Defendants pursuant to Rule 37 of the Federal Rules of Civil Procedure and that Summary Judgment is granted against all Defendants, Ernst Hiestand, Thomas Hiestand, Elizabeth Kuriger, and Henry Strubin, on all claims brought in this action pursuant to Rule 56 of the Federal Rules of Civil Procedure and Default Judgments are entered against all Defendants on all claims brought in this action pursuant to Rule 37.

II.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Ernst Hiestand and Henry Strubin and their agents, servants, employees, attorneys, successors and assigns and those persons in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] by, in the offer or sale of any securities,

4

using any means or instruments of transportation or communication in interstate commerce, or using the mails, directly or indirectly to: (a) employ any device, scheme or artifice to defraud; (b) obtain money or property by means of any untrue statement of material fact or omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engage in any transaction, practice or course of business which operated or would operate as a fraud or deceit upon any purchasers of securities.

### III.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Ernst Hiestand, and Henry Strubin, and their agents, servants, employees, attorneys, successors and assigns and those persons in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §§ 240.10b-5] by, directly or indirectly, using any means or instrumentalities of interstate commerce or the mails, or any facility of any national securities exchange to: (a) employ any device, scheme or artifices to defraud; (b) make any untrue statement of a material fact or omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engage in any act, practice or course of business which operated or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## IV.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Ernst Hiestand, Thomas Hiestand and Elizabeth Kuriger, and their agents, servants, employees, attorneys, successors and assigns and those persons in active concert or participation with them who receive actual notice of the judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 5(a) and (c) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)   making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell the securities of any issuers, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect as to such securities;

(b)   carrying or causing to be carried through the mails or in interstate commerce, by any means or

instruments of transportation, for the purpose of sale
or for delivery after sale, the securities of any
issuer, unless and until a registration statement is in
effect as to such securities; or

(c)  making use of any means or instruments of
transportation or communication in interstate commerce
or of the mails to offer to sell or offer to buy
through the use or medium of any prospectus or
otherwise the securities of any issuer unless and until
a registration statement has been filed with the SEC as
to such securities, or while a registration statement
as to such securities is the subject of a refusal order
or stop order or (prior to the effective date of the
registration statement) any public proceeding or
examination under Section 8 of the Securities Act [15
U.S.C. § 77h].

V.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants
Ernst Hiestand, Thomas Hiestand and Elizabeth Kuriger and their
agents, servants, employees, attorneys, successors and assigns
and those persons in active concert or participation with them
who receive actual notice of the judgment by personal service or
otherwise, and each of them, be and hereby are permanently
restrained and enjoined from violating Section 13(g) of the

Securities Exchange Act of 1934 [15 U.S.C. § 78m(g)], and Rule 13d-1c thereunder [17 C.F.R. § 240.13d-1c], by failing, directly or indirectly, and whether singly or as part of a group for the purposes of acquiring, holding, or disposing of securities, as the beneficial owner of more than five (5) percent (or such applicable percentage as may at the time be in effect) of any security of a class described in Section 13(d)(1) of the Securities Exchange Act of 1934 [15 U.S.C. § 78m(d)], and Rule 13d-1c thereunder [17 C.F.R. § 240.13d-1c], to send to the issuer of such security and file with the United States Securities and Exchange Commission all statements of information required by Section 13(g) of the Exchange Act [15 U.S.C. § 78m(g)], in such form and at such time as the Commission may, by rule, prescribe, and from failing, if any material change occurs in the facts set forth in such statements, to promptly transmit to the issuer of such security and file with the Commission all amendments to such statements in accordance with the Commission's rules and regulations.

## VI.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendants Ernst Hiestand and Thomas Hiestand shall be jointly and severally liable for disgorgement of the sum of $1,238,214, received by them as a result of their unlawful conduct described in the Complaint, with pre and post judgment interest and costs.  Within

thirty (30) days from entry of this judgment, Defendants Ernst
Hiestand and Thomas Hiestand shall pay to the Registry of this
Court by cashier's or certified check payable to "Clerk, United
States District Court" the full amount of disgorgement, with
interest and costs.

### VII.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant
Elizabeth Kuriger shall be liable for disgorgement of the sum of
$1,176,925, received by her as a result of her unlawful conduct
described in the Complaint, with pre and post judgment interest
and cost.  Within thirty (30) days from entry of this judgment,
Defendant Kuriger shall pay to the Registry of this Court by
cashier's or certified check payable to "Clerk, United States
District Court" the full amount of disgorgement, with interest
and costs.

### VIII.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Clerk
shall deposit all funds received pursuant to this Judgment into
the Court, in an interest-bearing account.  At such time as such
funds are paid to the Court, Defendants Ernst Hiestand, Thomas
Hiestand and Elizabeth Kuriger relinquish all legal and equitable
right, title and interest in those funds, and no part or such
funds shall be returned to them or their successors or assigns.

9

The Commission will thereafter submit for the Court's consideration proposed orders for disposition of such funds as directed in this Judgment.

## IX.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including enforcement and implementation of this Judgment.

## X.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that, there being no just reason for delay, the Clerk is directed, pursuant to Fed. R. Civ. P. 54(b), to enter this Final Judgment against Defendants Ernst Hiestand, Thomas Hiestand, Elizabeth Kuriger and Henry Strubin without further notice.

**SO ORDERED.**

_Royce C. Lamberth_
Honorable Royce C. Lamberth
United States District Judge

Dated: _October 30_ , 1997.
Washington, D.C.

Requested by:

_Carl A. Tibbetts_
Carl A. Tibbetts,
Assistant Chief Litigation Counsel
U. S. Securities and Exchange Commission
450 Fifth Street, N.W. Stop 8-8
Washington, D.C. 20549
(202) 942-4817 (281139),
     Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 29th day of October 1997, he caused to be served by international and United States first class paid postage a copy of the Proposed Final Judgment Granting Permanent Injunctions and Ordering Disgorgement as to Ernst Hiestand, Thomas Hiestand, Elizabeth Kuriger, and Henry Strubin addressed to the following:

Ernst Hiestand
780 Greenwood Road
West Vancouver
British Columbia, Canada 37S 1X7

Thomas Hiestand
GAMO S.A.
Churerstrasse
108 CH 8808
Pfaeffikon, Switzerland

Henry Stubin
30 Lenora Road
Bowen Island
British Columbia, Canada VON 1GO

Elizabeth Kuriger
Schnabelsberg CH 8836
Bannau, Switzerland

CARL A. TIBBETTS